# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re: | |
| JOYCELYN A. WILDGOOSE, | Case No. 12-11687-RGM |
| | (Chapter 13) |
| Debtor. | |

## MEMORANDUM OPINION

This case is before the court on the motion of Apple Federal Credit Union for Relief from Stay. The credit union seeks to apply a post-petition deposit to the debtor's share account to its pre-petition debt. The relief requested will be denied because the security interest does not attach to the deposit. 11 U.S.C. §552(a).

The debtor filed her petition in bankruptcy under chapter 13 of the Bankruptcy Code on March 15, 2012. Her chapter 13 plan was confirmed on May 17, 2012 and has been modified since then. The debtor scheduled two unsecured debts due to the credit union which filed two proofs of claims for unsecured claims. The credit union was not listed as a secured creditor and did not assert a secured claim. The chapter 13 plan provided for the credit union's claims as unsecured claims.

The debtor opened her credit union account on July 19, 2006, and obtained her first loan on July 26, 2006. One provision of the loan agreement granted the credit union a security interest in her share account. On December 2, 2015, the debtor deposited $11,298.65 into her share account.

Section 552 provides that "property acquired by . . . the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case." As applied in this case, the post-petition deposit is not subject to the credit union's pre-petition security interest.

The credit union argues that the Federal Credit Union Act, 12 U.S.C. §1751 *et seq.*, particularly, 12 U.S.C. §1757(11) is applicable. Section 1757 sets out the powers that a federal credit union may exercise. It provides that "[a] Federal credit union shall . . . have power . . . (11) to impress and enforce a lien upon the shares and dividends of any member, to the extent of any loan made to him and any dues or charges payable by him." The lien is not, for bankruptcy purposes, a statutory lien. A statutory lien is a "lien arising solely by force of a statute on specified circumstances or conditions." 11 U.S.C. §101(53). While §1757(11) gives a credit union the power *to impress* a lien on a member's share account, the lien does not arise upon "specified circumstances or conditions."

Nor does the lien arise solely by operation of the statute itself. It requires additional action. It may arise "[b]y giving notice [of the lien] in a member's account agreement(s) or other account opening documentation"; "[i]n the case of a loan, by giving notice [of the lien] in a loan document signed or otherwise acknowledged by the member(s)"; or in a by-law "of which the member is given notice." 12 C.F.R. §701.39(c). In this case, the loan documents created the lien. *See In re Cabrera,* 2009 WL 4666460 at *3 (Bankr.S.D.Fla. Dec. 8, 2009) ("The Credit Union's lien was perfected under Federal law by virtue of its insertion in the Note of its intent to impress a lien on all permissible accounts of the Debtor."); *In re Gifford,* 174 B.R. 231 (Bankr.W.D.Ky 1994).[1] The credit union's Federal Credit Union Act argument is not well taken.

---

[1] *Cabrera* and *Gifford* also discuss the competition between state law, the Uniform Commercial Code, and federal law, the Federal Credit Union Act. Here, there are two federal statutes, the Federal Credit Union Act and the Bankruptcy Act. They are not in conflict. The Federal Credit Union Act allows a credit union to impress a lien against share accounts. The Bankruptcy Act limits the lien but only as to post-petition deposits. *See* 12 C.F.R. §701.39(c) which provides that a credit union's ability to impress a lien is subject to other federal law which "supercedes a requirement of this section." 12 C.F.R. §701.39(a)(1). As this case illustrates, a post-petition deposit is a windfall to the credit union that impedes the debtor's fresh start. It would receive more if the lien were enforceable than is provided in the chapter 13 plan.

The motion for relief from the automatic stay will be denied and the credit union ordered to release the funds to the debtor.

Alexandria, Virginia
September 30, 2016

        /s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copies to:

John W. Bevis
Christine Nicole Johnson
Thomas P. Gorman

19261